UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MICHELLE K. WATSON,

                        Plaintiff,

              -against-

THE RICHMOND UNIVERSITY MEDICAL
CENTER, THE STATE UNIVERSITY OF NEW
YORK DOWNSTATE MEDICAL CENTER, THE
STATE OF NEW YORK, EDWARD ARSURA, M.D.,
and MAJA NOWAKOWSKI, PH.D.,

                        Defendants.
------------------------------------------------------------------x

**ORDER**
14-CV-1033 (LDH) (LB)

LaSHANN DeARCY HALL, United States District Judge:

On June 28, 2016, United States Magistrate Judge Lois Bloom issued a report and recommendation, which recommended that this Court grant, in part, and deny, in part, the State of New York, State University of New York Downstate Medical Center ("SUNY Downstate Medical Center"), and Dr. Nowakowki's (together, the "State Defendants") motion to dismiss the September 5, 2015 amended complaint (the "Amended Complaint") as it relates to the State Defendants. (*See* Am. Compl., ECF No. 36; Mot. to Dismiss, ECF No. 58; R. & R., ECF No. 64.) Any written objections to the report and recommendation had to be filed with the Clerk of Court within fourteen (14) days of the date of service of the report.

On July 8, 2016, an objection to the report and recommendation was filed by Plaintiff, requesting clarification regarding the status of her breach of contract claim against Defendants Richmond University Medical Center and Dr. Edward Arsura (the "RUMC Defendants"). (Pl.'s Obj., ECF No. 67.) In the report and recommendation, Magistrate Judge Bloom noted that Plaintiff had previously "removed the breach of contract claim for the First [Empire Clinical Research Investigative Program ("ECRIP")] Agreement claim in its entirety (Count VIII)." (R. & R. at 10

1

n.6, ECF No. 64) and cited to a stipulation between Plaintiff and the State Defendants in which Plaintiff voluntarily withdrew certain of her claims against the State Defendants (the "Stipulation"). (Stipulation at 2, ECF No. 55.) Specifically, the Stipulation provided that Plaintiff would "remove Count VIII from the [First Amended Complaint] in its entirety." (*Id.*) Count VIII of the Amended Complaint is a breach of contract claim against both the RUMC and State Defendants. (Am. Compl. ¶¶ 133-38, ECF No. 36.)

In Plaintiff's request for clarification, she notes that the Stipulation was only between herself and the State Defendants and, as such, asserts that she did not withdraw her breach of contract claim as to the RUMC Defendants. (Pl.'s Obj. at 2, ECF No. 67.) The Court has reviewed the Stipulation and while it purports to withdraw Count VIII of the Amended Complaint in its entirety, the Stipulation could not have resulted in Plaintiff withdrawing claims against the RUMC Defendants who were not parties to the Stipulation. Plaintiff's breach of contract claim for the First ECRIP Agreement against the RUMC Defendants necessarily survived the Stipulation and shall proceed in this action.

No other objections have been filed to the report and recommendation. As to remaining portions of the Report and Recommendation, "the district court need only satisfy itself that there is no clear error on the face of the record." *Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd.*, 812 F. Supp. 2d 186, 189 (E.D.N.Y. 2011) (quoting *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001)) (internal quotation marks and citations omitted). There was none.

## CONCLUSION

The Court has reviewed the report and recommendation for clear error and, finding none, hereby adopts Magistrate Judge Bloom's report and recommendation as the opinion of this Court. The State Defendants' motion to dismiss Plaintiff's Title VII claims against SUNY Downstate

Medical Center and the New York State Equal Protection Claim against Dr. Nowakowski is granted, and those claims are hereby dismissed. The State Defendants' motion to dismiss Plaintiff's section 1983 claim against Dr. Nowakowski is denied. Further, Plaintiff's breach of contract claim for the First ECRIP Agreement against the RUMC Defendants shall also proceed in this action.

The parties are instructed to contact Magistrate Judge Bloom's chambers to obtain a discovery schedule within seven (7) days of the date of entry of this order.

Dated: March 9, 2017
      Brooklyn, New York

SO ORDERED:

/s/ LDH
L&#42;SHANN D&#42;ARCY HALL
United States District Judge